**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUADALUPE RAMIREZ-VALENZUELA, AKA Josephina Cardona-Mendosa, | No. 19-72262 |
| Petitioner, | Agency No. A215-854-149 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:     FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Maria Guadalupe Ramirez-Valenzuela, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, protection under the Convention

Against Torture ("CAT"), and cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except

to the extent that deference is owed to the BIA's interpretation of the governing

statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We also review de novo whether a petitioner has been afforded due process.

*Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).  We deny the

petition for review in part and dismiss it in part.

We lack jurisdiction to consider issues that a petitioner fails to exhaust in the

agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).  Many of

the arguments Ramirez-Valenzuela makes were not exhausted.

Ramirez-Valenzuela contends that the BIA erred by determining that she

had waived any challenge to the IJ's denial of asylum, withholding of removal, and

CAT protection because the lack of any argument on those issues in her brief to the

BIA should not be construed as a waiver.  But the BIA can deem an issue waived

when there is no argument developed in an appellant's brief.  *See Alanniz v. Barr*,

924 F.3d 1061, 1068-69 (9th Cir. 2019) (concluding that the BIA did not err in

concluding that the petitioner waived an issue where a review of the brief to the

BIA confirmed that he did not make an argument about that issue).  Our review of

Ramirez-Valenzuela's brief to the BIA confirms the agency's analysis. We therefore deny the petition as to Ramirez-Valenzuela's contentions concerning the BIA's waiver determination and dismiss the petition as to her contentions concerning those forms of relief.

We similarly lack jurisdiction to consider Ramirez-Valenzuela's contentions that the IJ denied her due process by failing to adequately explain immigration procedures and other topics. The BIA could have addressed any such issues had the issues been before it, so Ramirez-Valenzuela was required to exhaust them. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("The exhaustion requirement applies to claims that an [applicant] was denied a full and fair hearing.") (citation and internal quotation marks omitted).

Our review is limited to the grounds the BIA actually relied on. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004). The BIA's determination was based on whether Ramirez-Valenzuela had shown that her children would suffer exceptional and extremely unusual hardship, so we cannot reach her arguments concerning whether the IJ erred by concluding that her criminal history makes her ineligible for cancellation of removal. We lack jurisdiction over the agency's hardship determination because that determination is not reviewable. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003).

We deny the petition as to Ramirez-Valenzuela's remaining claims. First,

19-72262

the record does not support Ramirez-Valenzuela's contention that the IJ failed to adequately develop the factual record when Ramirez-Valenzuela was pro se. *See Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) ("[T]he proceeding was not so fundamentally unfair that [the applicant] was prevented from reasonably presenting [her] case.").

Second, the IJ was required to give Ramirez-Valenzuela "reasonable time to locate counsel and permit counsel to prepare for the hearing." *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). The IJ's decision not to further continue proceedings is reviewed for abuse of discretion. *Id.* In the context of this proceeding, where the IJ advised her of her right to obtain counsel and gave her several opportunities to do so, the denial of Ramirez-Valenzuela's motion to further continue the proceedings was not an abuse of discretion.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**